# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00344-CR

**Rubin Gutierrez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. D-1-DC-10-301351, HONORABLE CLIFFORD BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found Rubin Gutierrez guilty of the first-degree felony offense of aggravated robbery with use of a deadly weapon and assessed punishment, enhanced by a prior felony conviction, at fifty-five years in prison. *See* Tex. Penal Code Ann. §§ 12.32 (West 2011), 29.03(a)(2) (West 2011).[1]

Gutierrez's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744 (1967), by presenting a professional evaluation of the records demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. at 744; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978);

---

[1] Because recent amendments to the penal code did not change the substance of the statutes relevant to this appeal, we cite to their current version.

*Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Gutierrez received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. *See Anders*, 386 U.S. at 744.

Gutierrez then filed a pro se brief, contending that the photographic lineup from which he was identified was impermissibly suggestive and the trial court abused its discretion by denying a motion to suppress his identification. Gutierrez notes that the victim of the robbery at the EZ Loan store recalled the perpetrator had a facial tattoo, and he faults the photographic array—from which the victim identified him the day after the offense—for its lack of others with facial tattoos. We will briefly explain why his contention lacks arguable merit. *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

A pretrial identification procedure may be so suggestive and conducive to mistaken identification that its subsequent use at trial implicates the defendant's right to due process of law. *Barley v. State*, 906 S.W.2d 27, 32-33 (Tex. Crim. App. 1995). A defendant challenging the admissibility of a witness's pretrial identification has the burden of showing by clear and convincing evidence that: (1) "the out-of-court identification procedure was impermissibly suggestive" and (2) the "suggestive procedure gave rise to a very substantial likelihood of irreparable misidentification." *Id.* at 33-34. Gutierrez only alleges proof of the first prong here. Evidence that the witness was informed that the perpetrator might not be in the group of photographs reduces the claimed suggestiveness of the procedure. *See Sierra v. State*, 266 S.W.3d 72, 75-76 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd); 41 George E. Dix & John M. Schmolesky, Texas Practice Series: *Criminal Practice & Procedure* § 17:18 (3d ed. 2011). The trial court's

ruling on the admissibility of a pretrial identification is a mixed question of law and fact that we review de novo. *See Loserth v. State*, 963 S.W.2d 770, 773 (Tex. Crim. App. 1998); *Sierra*, 266 S.W.3d at 75.

A photographic lineup does not violate due process because the individuals pictured lack characteristics identical to those of the accused. *See Luna v. State*, 268 S.W.3d 594, 607-08 (Tex. Crim. App. 2008) (rejecting claim that photo array, shown during investigation to witness who recalled perpetrator having tattoo on back of his head, was impermissibly suggestive because only appellant appeared to be totally bald or to have had his head clean shaven); *Escovedo v. State*, 902 S.W.2d 109, 117-18 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd) (rejecting claim that photo array was impermissibly suggestive because no one else had same amount of facial hair and only one other photo showed person with facial tattoo of tear drop); *see also United States v. Lang*, No. 06-30124, 2007 U.S. App. LEXIS 14088, at *31 (5th Cir. June 14, 2007) (not designated for publication) (noting there is no requirement "to fill a lineup with other photos of men of roughly [the suspect's] age, hair, and skin tone, all of whom have tattoos on their faces. . . . '[P]olice stations are not theatrical casting offices; a reasonable effort to harmonize the lineup is normally all that is required.'") (citing *Swicegood v. Alabama*, 577 F.2d 1322, 1327 (5th Cir. 1978).

Here, the trial court observed that the facial tattoos were "so subtle" in Gutierrez's photograph that—"if you could even consider these to be tattoos"—others in the photographic lineup would appear to have similar markings. Further, the record reflects that the claimed suggestiveness of the lineup was reduced because the robbery victim who identified Gutierrez was admonished before viewing the photographic lineup that the group of photographs "may or may not contain a picture of the person or persons who committed the crime now being investigated." *See Sierra*,

266 S.W.2d at 75-76. Further, the victim—who spent several minutes in face-to-face conversation with the perpetrator while he feigned interest in applying for a payday loan and before he aimed a gun at her—testified that she recognized Gutierrez definitively and "instinctively" from the robbery of the previous day.[2] She feared that when the safe was open she would be killed or "he might try to harm or hinder my ability in some way to remember who he was" because there had been "so much face-to-face time with the defendant." On this record, we conclude that Gutierrez's challenge to the denial of his motion to suppress based on a photographic lineup that was "impermissibly suggestive" lacks arguable merit.

Having reviewed the record as well as briefs from Gutierrez, his counsel, and the State, we find no reversible error. *See Garner*, 300 S.W.3d at 766; *Bledsoe*, 178 S.W.3d at 826-27. We agree with counsel that the appeal is frivolous, and her motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Puryear and Rose

Affirmed

Filed:   October 4, 2012

Do Not Publish

_____

[2] The victim also viewed a photographic lineup of women in attempt to identify the perpetrator's accomplice, but she was unable to make an identification with the same certainty. She testified that while conversing with the perpetrator, she was not focusing on his accomplice.

4